1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   PHILLIP SANDERS,                      Case No.  1:22-cv-00577-JLT-HBK

12              Plaintiff,                  ORDER TO SHOW CAUSE WHY THE
                                           COMPLAINT SHOULD NOT BE
13       v.                                DISMISSED AS TIME BARRED AND FOR
                                           LACK OF JURISDICTION
14   SHERIFF ROBERT HICKS, ET AL,
                                           May 26, 2023, DEADLINE
15              Defendants.

16

17

18

19          Plaintiff, Philip Sanders, who is proceeding pro se and *in forma pauperis* initiated this

20   action on May 13, 2022, by filing a civil complaint.  (Doc. No. 1, "Complaint").  Plaintiff's

21   Complaint is before the Court for screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

22       **I.      Screening Requirement**

23          Because Plaintiff is proceeding *in form pauperis*, the Court may dismiss a case "at any

24   time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

25   on which relief can be granted, or seeks monetary relief against a defendant who is immune from

26   such relief.  28 U.S.C § 1915(e)(2)(B)(ii) -(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129

27   (9th Cir. 2000) (section 1915(e) applies to all litigants proceeding *in form pauperis*).  A

28   complaint, however, should not be dismissed unless it appears beyond doubt that the plaintiff can

prove no set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles,* 113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ. P. 8(a).  Dismissal for failure to state a claim in this context is governed by the same standard as dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193, 1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint is plausible on its face when it contains sufficient facts to support a reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  At this stage, the court accepts the facts stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).  Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.

Due to Plaintiff's pro se status, the Court must liberally construe the Complaint in the light most favorable to the Plaintiff.  *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**II.      Summary of Complaint**

The Complaint names the following Defendants on the caption: (1) Sheriff Robert Hicks, (2) Sheriff J Lara, (3) Unknown File Clerk, Fresno Superior Court, Family law Division, and (4) Leonard Sanders.  (*Id.* at 2-3). [1]  The Complaint is disjointed and disorganized but generally

---

[1] The Court refers to the CMECF page numbers of the Complaint.  In this case, the CMECF page numbers correspond to the same page numbers on the Complaint.

alleges claims under 42 U.S.C. § 1983 under the Fourteenth Amendment, as well as several state law claims.  (*See generally* Doc. No. 1).  According to the Complaint, Plaintiff moved back into his elderly mother's home on May 16, 2019.  (*Id*. at 4).  In December 2019, his mother suffered a stroke.  (*Id*.).  When Plaintiff returned to his mother's home from Fresno State on January 18, 2020, he found his brother Leonard and a notary in his mother's bedroom.  (*Id*.).  He and Leonard had an altercation, which resulted in the police being called.  (*Id*.).  Sometime shortly thereafter (between January 22-28, 2022) Plaintiff was served with an application for a domestic restraining order.  (*Id*. at 6).  On February 13, 2020, the state court judge "found Leonard's testimony to be more credible" and imposed a 3-year restraining order.  (*Id*. at 10).  Essentially, Plaintiff challenges the state issued restraining order as procedurally deficient and factually incorrect.  (*Id*. at 6-10).  More specifically, Plaintiff claims his brother committed forgery and fraud in his application to obtain the domestic restraining order and perjured himself before the state court to obtain the order.  (*Id*).  The Court cannot glean from the Complaint what type of relief Plaintiff seeks.

### III.    Analysis

Liberally construed, Plaintiff's Complaint alleges a Fourteenth Amendment due process violation stemming from the purported defective and granted state domestic restraining order. The Court finds the Complaint fails to state a viable federal claim.  "A claim can be dismissed for failure to state a valid claim when a violation of the limitations period is evident from the face of the complaint."  *E.E.O.C. v. ABM Indus. Inc.*, 249 F.R.D. 588, 591 (E.D. Cal. 2008) (citing *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980)); *see also Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993).  Because §1983 does not contain a specific statute of limitations, "federal courts 'apply the forum state's statute of limitations for personal injury actions, along with the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law.' " *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014) (quoting *Canatella v. Van De Kamp*, 486 F.3d 1128, 1132 (9th Cir. 2007)).  Thus, this claim is governed by California's two-year statute of limitations along with any applicable tolling. *Thompson v. City of Shasta Lake*, 314 F. Supp. 2d 1017, 1023

(E.D. Cal. 2004).   Under federal law, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001).

Here, the events that form the basis of Plaintiff's Complaint occurred at the <u>latest</u> on February 13, 2020, when the state superior court granted the domestic restraining order.  (Doc. No. 1 at 10).  Plaintiff's deadline to file his § 1983 claim expired on Monday, February 14, 2022. Plaintiff did not file the instant Complaint until May 13, 2022—some three months past the expiration of the statute of limitations.  Therefore, even assuming Plaintiff can state a viable § 1983 claim, the claim is time-barred.

Plaintiff suggests that due to the state court's closure due to Covid-19 he should be entitled to equitable tolling.  (Doc. No. 1 at 2).  As plead, the Complaint, does not support equitably tolling the statute of limitations. "Equitable tolling under California law 'operates independently of the literal working of the Code of Civil Procedure to suspend or extend a statute of limitations as necessary to ensure fundamental practicality and fairness." *Jones v. Blanas*, 393 F.3d 918, 928 (9th Cir. 2004) (quoting *Lantzy v. Centex Homes*, 73 P.3d 517, 523 (Cal. 2003)). To be entitled to equitable tolling, a plaintiff must meet three conditions: (1) the defendants must have had timely notice of the claim; (2) the defendants must not be prejudiced by being required to defend the otherwise barred claim; and (3) the plaintiff's conduct must have been reasonable and in good faith.  *Fink v. Shedler*, 192 F.3d 911, 916 (9th Cir. 1999) (internal quotation marks and citation omitted).  Plaintiff acknowledges he had a hearing on February 13, 2020, when the state courts were open.

Even assuming the Complaint is not time barred, the Court does not have jurisdiction to consider the propriety of the domestic restraining order application of its issuance.  "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).  A federal court is presumed to lack subject matter jurisdiction, and a plaintiff bears the burden of establishing that subject matter jurisdiction is proper.  *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded

complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987).  If a federal court lacks subject matter jurisdiction, the action must be dismissed. Fed. R. Civ. P. 12(h)(3).  Applications for domestic-violence restraining orders do not arise under federal law and, without more, the court lacks federal-question jurisdiction. *See, e.g., Venoya v. Remmert*, No. CV-07-80117M CW, 2007 WL 1655628, *1–*2 (N.D. Cal. June 7, 2007) (remanding for lack of federal jurisdiction because the state court's order regarding defendant's motion for a restraining order did not constitute a "denial of her constitutional rights" and was "insufficient" to establish federal jurisdiction); *cf. Muhammad v. Jackson*, No. CV-08-369-PHX-DGC, 2008 WL 820565, at *1–*2 (D. Ariz. Mar. 25, 2008) (dismissing complaint for lack of federal jurisdiction and finding motion for injunctive relief was insufficient to invoke federal jurisdiction where the motion consisted of a California state-court form used to obtain restraining orders against domestic violence and did not cite a federal law or claim).

Moreover, the Complaint does not adequately state a viable § 1983 claim against any named Defendant.  Plaintiff names his brother Leonard as a Defendant, but he is private citizen and not a state actor.  *See Marsh v. Cnty. Of San Diego*, 680 F. 3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law").  Further, Plaintiff fails to state any claim against the Unknown Clerk at the Fresno Superior Court, "[c]ourt clerks have absolute quasi-judicial immunity . . . for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis v. U.S. Bankr. Court*, 828 F. 2d 1385, 1390 (9th Cir. 1987) (citations omitted).  Finally, the Complaint fails to state any claim of wrongdoing by either Deputy Sheriffs Hicks or Lara.  The Complaint appears to predicate liability upon these two Defendants based on Hick's failed attempt to effectuate service of process on Plaintiff on January 28, 2020 (Doc. No. 8) and Lara effecting service of process on Plaintiff on January 25, 2020 (Doc. No. 7).   The guarantee of constitutional due process applies only to "deliberate decisions of government officials to deprive a person of life, liberty, or property." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015).  Here, other than attempting and effectuating service of process, Plaintiff fails to allege any act of wrongdoing on behalf of either Defendant.  Further, Plaintiff acknowledges he

was afforded due process as he acknowledges he had a hearing before a state court judge before the domestic restraining order was granted.  (Doc. No. 1 at 10).

The Complaint also appears to assert state law claims for fraud and forgery. (Doc. 1 at 1, 3, 13).  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law, which, for the reasons explained above, he does not.  *See* 28 U.S.C. § 1367.  Accordingly, the Court does not address the viability of any of Plaintiff's state law claims.

Accordingly, it is **ORDERED**:

1.    **On or before May 26, 2023**, Plaintiff shall show cause why the Court should not dismiss this action as barred by the two-year statute of limitations and for lack of jurisdiction.

2.    If Plaintiff fails to timely respond to this Show Cause Order or seek an extension of time to respond, the Court will recommend the district court dismiss this action for Plaintiff's failure to comply with this Court Order and prosecute this action.


Dated:    April 24, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

6