1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    PHILIP SANDERS,                        No.  1:22-cv-00577-JLT-HBK

12                  Plaintiff,               FINDINGS AND RECOMMENDATION TO
                                             DISMISS FIRST AMENDED COMPLAINT
13          v.
                                             (Doc No. 10)
14    ROBERT HICKS and J. LARA.,
                                             FINDINGS AND RECOMMENDATION TO
15                  Defendants.              DENY MOTION FOR PRELIMINARY
                                             INJUNCTION
16
                                             (Doc. No. 12)
17
                                             14-DAY DEADLINE
18

19

20          Plaintiff Philip Sanders ("Plaintiff"), who is proceeding pro se and *in forma pauperis*,

21    initiated this action on May 13, 2022 by filing a civil complaint.[1]  (Doc. Nos. 1, 7).  Plaintiff's

22    First Amended Complaint (Doc. No. 10, "FAC") is currently before the Court for screening

23    pursuant to 28 U.S.C. § 1915(e)(2)(B).  Also pending is Plaintiff's motion for preliminary

24    injunction, which he incorporated in another motion filed on October 5, 2023. (Doc. No. 12).  For

25

26    [1] While Plaintiff's claims were filed past California's two-year statute of limitations applicable to 42
      U.S.C. § 1983 actions, because Plaintiff's claims were subject to statutory tolling from April 6, 2020 to
27    October 1, 2020 under California Emergency Rule 9, it appears they are not time-barred.  *See Pumphrey v.
      Battles*, 2023 WL 1769185 (N.D. Cal. Feb. 3, 2023; *see also Palacios v. Interstate Hotels & Resorts Inc.*,
28    2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021).

1    reasons set forth below, the undersigned recommends the district court dismiss the FAC for

2    failure to state a claim without further leave to amend and deny the motion for preliminary

3    injunction.

4                              **Screening Requirement and Standard**

5          Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss a case "at any

6    time" if the Court determines, *inter alia*, the action is frivolous or malicious, fails to state claim

7    on which relief can be granted, or seeks monetary relief against a defendant who is immune from

8    such relief.  28 U.S.C § 1915(e)(2)(B)(ii)-(iii); *see also Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th

9    Cir. 2000) (section 1915(e) applies to all litigants proceeding *in forma pauperis*).  A complaint,

10   however, should not be dismissed unless it appears beyond doubt that the plaintiff can prove no

11   set of facts in support of his or her claim that would entitle him to relief.  *Johnson v. Knowles*,

12   113 F.3d 1114, 1117 (9th Cir.), *cert. denied,* 552 U.S. 996 (1997).  A complaint must include a

13   short and plain statement of the claim showing that the pleader is entitled to relief.  Fed. R. Civ.

14   P. 8(a).

15         Dismissal for failure to state a claim in this context is governed by the same standard as

16   dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Barren v. Harrington*, 152 F. 3d 1193,

17   1194 (9th Cir. 1998).  As such, a complaint must contain sufficient factual matter to state a claim

18   to relief that is "plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A complaint

19   is plausible on its face when it contains sufficient facts to support a reasonable inference that the

20   defendant is liable for the misconduct alleged."  *Id*.  At this stage, the court accepts the facts

21   stated in the complaint as true.  *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976).  The

22   Court does not accept as true allegations that are merely conclusory, unreasonable inferences, or

23   unwarranted deductions.  *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

24   Nor are legal conclusions considered facts.  *Iqbal*, 556 U.S. at 678.

25         Due to Plaintiff's pro se status, the Court must liberally construe his FAC in the light most

26   favorable to the Plaintiff.  *See Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A.*

27   *County*, 339 U.S. 920, 925 (9th Cir. 2003).  If a pleading could be cured by the allegation of other

28   facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the

action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  However, it is not the role of the Court to advise a litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

**Procedural History and Summary of Plaintiff's Allegations**

Plaintiff initiated this action pro se on May 13, 2022.  (Doc. No. 1).  On April 25, 2023, the Court issued a screening order and order to show cause why the Complaint should  not be dismissed for lack or jurisdiction and as time barred.  (Doc. No. 8).  The Court afforded Plaintiff an opportunity to file an amended complaint, which he timely filed on May 26, 2023.  (Doc. No. 10).  On October 5, 2023, Plaintiff filed a motion asking the Court to deem his First Amended Complaint the operative pleading and seeking a preliminary injunction.  (Doc.  No. 12). The Court deemed the First Amended Complaint the operative pleading separate order.  (Doc. No. 13).

The FAC names two Defendants: (1) J. Lara and (2) R. Hicks.[2] (Doc. No. 10 at 1).  The events giving rise to the FAC took place in Fresno, CA.  (*Id*. at 19).  Plaintiff's FAC consists of a disjointed narrative.  It alleges that on January 18, 2020, Plaintiff got into a confrontation with his brother Leonard after Leonard attempted to have their heavily medicated mother sign new trust documents with the help of a notary.  (*Id*. at 9-11).  Plaintiff called 911 and after police reported to the scene, both Plaintiff and Leonard agreed to leave.  (*Id*. at 10-11).  Unbeknownst to Plaintiff, Leonard then filed a request for a restraining order against Plaintiff, but Plaintiff was not immediately served with the papers.  (*Id*. at 11).  On January 25, 2020,[3] Plaintiff went to his mother's home to check on her and was confronted by his brothers Melvin and Leonard, who threatened him with a crutch and a bat.  (*Id*. at 11-12).  Plaintiff again called 911 and Defendant Lara, a Fresno County Sheriff's Officer, arrived on the scene.  (*Id*.).  Defendant Lara "got some

---

[2] After each name on the caption, Plaintiff includes "et al," inferring additional defendants.  Although the FAC refers to variously other named individuals, the claims specially identify only Defendants Lara and Hicks.

[3] The FAC variously states the incident took place on January 25, 2020 and January 29, 2020.  (*See, e.g*., Doc. No. 10 at 2, 5, 12).

3

papers from Leonard without having a copy himself of what papers he was serving placed them on the table told me to consider myself served . . ." (*Id*. at 12).

After "detaining" Plaintiff for approximately 5 minutes Defendant Lara forced him to gather his belongings and leave the property. (*Id*. at 2, 4). Defendant Lara advised Plaintiff that if he returned to the property he would be arrested. (*Id*. at 12). No police report was ever filed regarding the incident. (*Id*. at 3). "A few days after" the incident, Plaintiff went to the Superior Court Clerk's Office and obtained a copy of an "Affidavit of Cancelled Service" filed by Defendant Hicks on January 29, 2020. [4] Plaintiff describes the document as a "defective altered proof of service," which does not contain the signature of the serving officer. (*Id*. at 2-3). A judge later made an unspecified ruling on Plaintiff's restraining order "violating the women's act of 1994 . . . stating [the] court [had] jurisdiction on proper notice when there was no notice." (*Id*. at 12). As a result of the restraining order, Plaintiff was restricted from accessing his mother's home from January 25, 2020 to February 13, 2020. (*Id*. at 12).

Plaintiff claims the state court's issuance of the temporary restraining order violated the following federal and state provisions: (1) Title 8 U.S.C. § 1324c; (2) the Fourteenth Amendment due process clause; (3) California Penal Code § 115; (4) California Penal Code § 182; and (5) *Monell* for municipal liability under 42 U.S.C. § 1983. (*Id*. at 1-3).

As relief, Plaintiff seeks $500,000.00 per Defendant for his unlawful detention, $500,000.00 per Defendant for violation of his Fourteenth Amendment "right to proper notice of a proof of service," tort damages for document fraud of $500,000.00 per Defendant, and punitive damages of $500,000.00 per Defendant for conspiracy. (*Id*. at 7). The FAC alleges claims against Defendants in both their individual and official capacities. (*Id*. at 4).

////

////

---

[4] A copy of the "Affidavit of Cancelled Service" is attached to the FAC. (Doc. No. 10 at 18). It indicates that Defendant Hicks received a request for a domestic violence restraining order ("DVRO") and various associated documents for service from Leonard Sanders on January 24, 2020, but that service of the documents was cancelled in light of Defendant Lara serving Defendant with the papers on January 25, 2020. (*Id*.). The affidavit notes that a hearing on the restraining order is scheduled for February 13, 2020. (*Id*.).

**Applicable Law and Analysis**

A.  Statute of Limitations to 1983 Actions

Because the Court issued a show cause order to Plaintiff in connection with the timeliness issue in bringing this suit, the Court briefly addresses the statute of limitations issue.  Liberally construed, Plaintiff brings this action under 42 U.S.C. § 1983.  The statute of limitations for § 1983 actions is dictated "by the forum state's statute of limitations for personal injury actions," which is two years in California.  *Whiting v. City of Cathedral City*, 735 F. App'x 927, 928 (9th Cir. 2018); Cal. Civ. Proc. Code § 335.1; *see also Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (noting courts should also borrow all applicable provisions for tolling the limitations found in state law in actions where the federal court borrows the state statute of limitations).

Notably, Plaintiff commenced this action on May 13, 2022, when he filed his original Complaint.  (Doc. No. 1).  As to Defendant Lara, the acts giving rise to events occurred at the latest on January 25, 2020, when Defendant Lara briefly detained Plaintiff to serve him with the temporary restraining order that Plaintiff's brother had obtained without Plaintiff's knowledge.  As to Defendant Hicks, the acts giving rise to the events occurred at the latest on January 29, 2020, when he "cancelled" the service documents based upon Defendant Kara's earlier service on January 25, 2020.  Facially, both of Plaintiff's claims were filed past California's two-year statute of limitations applicable to 42 U.S.C. § 1983 actions.  However, because Plaintiff's claims were subject to statutory tolling from April 6, 2020 to October 1, 2020 under California Emergency Rule 9 due to the Covid 19 pandemic, it appears neither claim is time-barred.  *See Pumphrey v. Battles*, 2023 WL 1769185 (N.D. Cal. Feb. 3, 2023; *see also Palacios v. Interstate Hotels & Resorts Inc.*, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021).

B.  Rule 8 Pleading

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a

1    claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S.

2    at 570, 127 S.Ct. at 1974).  While factual allegations are accepted as true, legal conclusions are

3    not.  *Id.*; *see also Twombly*, 550 U.S. at 556–557.

4         "Section 1983 is a vehicle by which plaintiffs can bring federal constitutional and statutory

5    challenges to actions by state and local officials."  *Naffe v. Frey*, 789 F.3d 1030, 1035 (9th Cir.

6    2015) (internal quotation marks omitted). To state a claim under § 1983, a plaintiff must allege two

7    elements: (1) the violation of a right secured by the Constitution or laws of the United States (2) by

8    a person acting under the color of state law.  *West v. Atkins*, 487 U.S. 42, 48 (1988).

9         Here, the FAC fails to set forth in short and plain statements how either of Defendants

10    violated Plaintiff's federal rights.  As set forth in more detail below, the FAC consists of a disjointed

11    narrative but does not clearly allege facts demonstrating a violation of any of Plaintiff's federal

12    rights.  While the FAC describes a litany of events and refers to the various actions by Defendants

13    Lara and Hicks, it fails to clearly state how any action taken by either Defendant violated Plaintiff's

14    constitutional rights.  *See Iqbal,* 556 U.S. at 678.  While Plaintiff is entitled to a liberal interpretation

15    of his FAC, the Court cannot supply the essential elements of a claim that are not pled.  *Ivey v. Bd.*

16    *of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

17         C.  Title 8 U.S.C. § 1324c

18         Title 8 U.S.C. 1324c is a provision within the Immigration and Nationality Act ("INA")

19    relating to applications for admission to the United States, which provides penalties for, *inter alia*,

20    forging, counterfeiting, or falsely making "any document for the purpose of satisfying a

21    requirement of this chapter or to obtain a benefit under this chapter."  8 U.S.C. § 1324c(a)(1).

22    The statute defines the term "falsely make" as "to prepare or provide an application or document,

23    with knowledge or in reckless disregard of the fact that the application or document contains a

24    false, fictitious, or fraudulent statement or material representation, or has no basis in law or fact,

25    or otherwise fails to state a fact which is material to the purpose for which it was submitted."  *Id*.

26    § 1324c(f). The statute provides for an administrative hearing followed by judicial review and

27    permits the imposition of a cease-and-desist order and a civil monetary penalty. *Id*. § 1324c(d)(3).

28         Federal courts appear to be unanimous in finding that Congress did not intend to confer a

1  private right of action for enforcement of this provision of the INA.  *See, e.g.*, *United States v.*

2  *Richard Dattner Architects*, 972 F. Supp. 738, 746 (S.D.N.Y. 1997); *see also Serna v. Webster*,

3  2023 WL 6382099, at *2 (10th Cir. Oct. 2, 2023), *Wegener v. U.S. Dep't of Educ.*, 2021 WL

4  2169191, at *3 (W.D. Mich. Apr. 27, 2021), *report and recommendation adopted*, 2021 WL

5  2156263 (W.D. Mich. May 27, 2021).  Thus, Plaintiff has no standing to sue for a violation of 8

6  U.S.C. § 1324c.  Moreover, the FAC alleges no conduct remotely relating to applications for

7  admission to the United States, thus there are no facts that would support a plausible violation of

8  8 U.S.C. § 1324c.  For these reasons, the FAC fails to state a claim under 8 U.S.C. § 1324c.

9          D.  Fourth Amendment Unlawful Seizure Claim

10          Plaintiff asserts that "unlawful[ly] arrest[ing] and or unlawfully detaining a person over 5

11  minutes violat[es] the 14th amendment unlawfully arrest clause of the constitution."  (Doc. No. 10

12  at 6).  Because a claim for unlawful search or seizure is properly brought under the Fourth

13  Amendment, the Court liberally construes Plaintiff's claim as brought under the Fourth, not the

14  Fourteenth Amendment.  *See, e.g., Rodriguez v. Cnty. of Santa Cruz,* 2023 WL 4687197, at *5

15  (N.D. Cal. July 20, 2023) ("If a constitutional claim is covered by a specific constitutional

16  provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard

17  appropriate to that specific provision, not under the rubric of substantive due process.")

18          The Fourth Amendment "applies to all seizures of the person, including seizures that

19  involve only a brief detention short of traditional arrest."  *United States v. Brignoni–Ponce*, 422

20  U.S. 873, 878 (1975).  When a search or seizure is at issue, the relevant inquiry under the Fourth

21  Amendment is one of reasonableness— "[t]he Fourth Amendment does not proscribe all state-

22  initiated searches and seizures; it merely proscribes those which are unreasonable."  *See Florida*

23  *v. Jimeno*, 500 U.S. 248, 250 (1991) (citations omitted); *see also Brignoni-Ponce*, 442 U.S. at

24  878.  Searches and seizures pursuant to a warrant issued by a neutral magistrate cany a strong

25  presumption of reasonableness.  *See United States v. Leon*, 468 U.S. 897, 913-14 (1984).

26  Warrantless searches and seizures may also be reasonable, so long as they are based on probable

27  cause.  *See Illinois v. Rodriguez*, 497 U.S. 177, 184–85 (1990); *see also United States v. Lopez*,

28  482 F.3d 1067, 1072–73 (9th Cir. 2007) ("Under the Fourth Amendment, a warrantless arrest

1    requires probable cause.").

2           A determination as to the reasonableness of a search or seizure is highly fact specific.  Here,

3    the FAC alleges few facts as to the alleged seizure of Plaintiff that occurred on January 25, 2020.

4    It states only that Plaintiff was "unlawful[ly] arrest[ed] and or unlawfully detain[ed] . . . [for] over

5    5 minutes" after Officer Lara arrived at Plaintiff's mother's home in response to Plaintiff's 911

6    call.  (Doc. No. 10 at 6).  The FAC contains no allegations that during those 5 minutes whether

7    Plaintiff was placed in handcuffs, placed in a squad car, or was verbally advised that he was being

8    detained by officers, or something else.  Instead, Plaintiff acknowledges Defendant Kara had

9    responded to the 911 call he placed after he and his brothers' disagreement at his mother's home.

10   Further, Plaintiff admits Defendant Kara provided him with a copy of the temporary restraining

11   order that his brother Leonard had obtained earlier without his knowledge, and which had not yet

12   been served on him.  Further, Plaintiff acknowledges that Defendant Kara provided him an

13   opportunity to retrieve his personal belongings from his mother's home before advising him that

14   he must leave the premises and warning him that, if he returned, he would be arrested.  None of

15   alleged facts are sufficient to infer that Defendant Lara's actions constituted an unreasonable

16   seizure of Plaintiff.  Rather, the alleged facts indicate that Defendant Kara, after responding to the

17   911 call and talking with Plaintiff and his brothers, and after receiving a copy of the temporary

18   restraining order from Plaintiff's brother Leonard, served the temporary restraining order on

19   Plaintiff, and advised Plaintiff of his legal rights regarding the same.  Based upon these facts, the

20   Court has no basis for finding any unreasonable seizure to state a Fourth Amendment violation.

21   Thus, the Court finds the FAC thus fails to state a claim under the Fourth Amendment.

22          E.  Failure to Provide Proof of Service

23          Liberally construed, the FAC asserts that Defendant Hicks violated his Fourteenth

24   Amendment due process rights when he (1) filed a document lacking a signature by Defendant

25   Lara, who purportedly served Plaintiff with the domestic violence restraining order ("DVRO")

26   request and related paperwork, and (2) made various alterations to the form on which the affidavit

27   was entered.  (Doc. No. 10 at 13-15).  However, as the Court previously advised Plaintiff, federal

28   courts lack jurisdiction, with limited exceptions, to review claims arising from domestic violence

8

1    restraining orders issued by a state court. *See, e.g., Venoya v. Remmert*, 2007 WL 1655628, \*1–\*2

2    (N.D. Cal. June 7, 2007) (remanding for lack of federal jurisdiction because the state court's order

3    regarding defendant's motion for a restraining order did not constitute a "denial of her constitutional

4    rights" and was "insufficient" to establish federal jurisdiction); *cf. Muhammad v. Jackson*, 2008

5    WL 820565, at \*1–\*2 (D. Ariz. Mar. 25, 2008) (dismissing complaint for lack of federal jurisdiction

6    and finding motion for injunctive relief was insufficient to invoke federal jurisdiction where the

7    motion consisted of a California state-court form used to obtain restraining orders against domestic

8    violence and did not cite a federal law or claim).

9          To the extent Plaintiff seeks an order declaring the state court's issuance of a restraining

10    order erroneous due to any alleged procedural deficiencies, this Court lacks jurisdiction to entertain

11    such a request.  As courts of original jurisdiction, federal district courts lack jurisdiction to review

12    the final determinations of a state court in judicial proceedings.  *Doe & Assocs. Law Offices v.*

13    *Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001).  If federal constitutional claims presented to a

14    district court are 'inextricably intertwined' with the state court's judgement, then [plaintiff] is

15    essentially asking the district court to review the state court's decision, which the district court may

16    not do." *Id.* at 143.  If "consideration and decision have been accomplished, action in federal court

17    is an impermissible appeal from the state court decision." *Id.*  (citing *Worldwide Church of God*,

18    805 F.2d at 892). "Where the district court must hold that the state court was wrong in order to find

19    in favor of the plaintiff, the issues presented to both courts are inextricably intertwined." *Id.*

20          Here, liberally construed, the FAC contends that the DVRO was wrongly issued because

21    Plaintiff was not properly served, or because the affidavit filed by Defendant Hicks was defective.

22    In either case, the procedural questions presented by the FAC are "inextricably intertwined" with

23    the state court's judgment issuing the DVRO.  Accordingly, the Court lacks subject matter

24    jurisdiction over Plaintiff's Fourteenth Amendment claim arising out of the issuance of the DVRO

25    and the FAC fails to state a Fourteenth Amendment claim.

26    ////

27    ////

28    F.  *Monell* Claim

The FAC also asserts a *Monell*[5] claim, although Plaintiff does not name any municipal entity as a Defendant.  The Court liberally construes the FAC as alleging a claim against the Fresno County Sheriff's Office because it names Defendants Kara and Hicks in their official capacities. To establish municipal liability, a plaintiff must prove that (1) he or she was deprived of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate indifference to a plaintiff's constitutional right; and (4) the policy was the "moving force" behind the constitutional violation.  *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011).  While Monell claims of municipal liability do not arise from a respondeat superior theory, *Monell*, 436 U.S. at 691, such claims still require that Plaintiff demonstrate a predicate violation of constitutional rights.  *Scott v. Henrich*, 39 F.3d 912, 916 (9th Cir. 1994) (holding that "municipal defendants cannot be held liable because no constitutional violation occurred"); *see also City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (finding if no individual claim against police officer remains, then no liability on city and the Police Commission), *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020) ("Monell claims ... require a plaintiff to show an underlying constitutional violation.").  Because, as set forth above, the Court finds no underlying violation has been adequately pled, Plaintiff cannot state a *Monell* claim against the Fresno County Sheriff's Office.

G.  State Law Claims

Finally, the FAC asserts two state law claims, under California Penal Code 115 and California Penal Code 182.  Although the Court may exercise supplemental jurisdiction over state law claims, Plaintiff must first have a cognizable claim for relief under federal law. 28 U.S.C. § 1367.  As Plaintiff has not stated a cognizable claim for relief under federal law, the Court need not analyze those state claims at this time.  *See, e.g., Jalili v. Far E. Nat. Bank*, 2013 WL 1832648, at *7 (N.D. Cal. May 1, 2013) ("Because it presently is unclear whether Plaintiff can state a cognizable federal claim by amending his Complaint . . . the Court will not engage at this time in an analysis of whether Plaintiff has plead cognizable state law claims.").

**Motion for Preliminary Injunction**

---

[5] *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978).

In Plaintiff's previous motion requesting the Court to deem his First Amended Complaint the operative pleading (Doc. No. 12), Plaintiff requests that the Court grant him preliminary injunctive relief, (*id.* at 1, 5-6), namely, ordering the Fresno County Sheriff's Office to change its operations in serving court papers concerning temporary restraining orders.  For the reasons set forth below, the undersigned recommends the district court deny Plaintiff preliminary injunctive relief.

The primary purpose of a preliminary injunction is preservation of the status quo.  *See, e.g., Ramos v. Wolf*, 975 F.3d 872, 887 (9th Cir. 2020).  More specifically, the purpose of a preliminary injunction is preservation of the Court's power to render a meaningful decision after a trial on the merits.  *See, e.g., Univ. of Texas v. Camenisch*, 451 U.S. 390, 395 (1981); *Barth v. Montejo*, 2021 WL 1291962, at *1 (E.D. Cal. Apr. 7, 2021).  It is meant to maintain the relative positions of the parties and prevent irreparable loss of rights before a trial and final judgment.  *See, e.g., Camenisch*, 451 U.S. at 395; *Ramos*, 975 F.3d at 887; *Doe #1 v. Trump*, 957 F.3d 1050, 1068 (9th Cir. 2020).  A preliminary injunction may assume two forms.  *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 878 (9th Cir. 2009).  Prohibitory injunctions prevent a party from acting, thus maintaining the status quo.  *Id*.  A mandatory injunction directs some responsible party to act.  *Id*. at 879.

The legal principles applicable to requests for injunctive relief for either a temporary restraining order or a preliminary injunction are well established.  To prevail, the moving party must show that irreparable injury is likely in the absence of an injunction.  *See Stormans, Inc. v. Selecky*, 586 F.3d 1109, 1127 (9th Cir. 2009) (*citing Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20–22 (2008)); *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).  To the extent prior Ninth Circuit cases suggest a lesser standard by focusing solely on the possibility of irreparable harm, such cases are "no longer controlling, or even viable."  *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009); *see Stormans*, 586 F.3d at 1127; *Cottrell*, 632 F.3d at 1131.  Under *Winter*, the proper test requires a party to demonstrate: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of an injunction; (3) the balance of hardships tips in his favor; and (4) an injunction is

1    in the public interest.  *See, e.g., Winter*, 555 U.S. at 20; *Stormans*, 586 F.3d at 1127; *Cottrell*, 632

2    F.3d at 1131.

3         A preliminary injunction is an extraordinary remedy that is not awarded as of right.

4    *Winter*, 555 U.S. at 24; *Cottrell*, 632 F.3d at 1131.  The burden to achieve injunctive relief is

5    particularly high when a party seeks a mandatory injunction.  *See Garcia v. Google, Inc*., 786

6    F.3d 733, 740 (9th Cir. 2015).  Mandatory injunctions go beyond an injunction preventing a party

7    from acting, and thus beyond mere maintenance of the status quo.  *See id*.  They require a party to

8    act.  *Id*.  District courts must deny requests for mandatory injunctions unless the law and facts

9    clearly favor a moving party.  *Id*.  The Court will not grant such requests in doubtful cases.  *Id*.

10   *Driver v. Gibson*, 2021 WL 1811995, at *1–2 (E.D. Cal. May 6, 2021), *report and*

11   *recommendation adopted*, 2021 WL 3630386 (E.D. Cal. Aug. 17, 2021)

12        Federal Rule of Civil Procedure 65 governs injunctions and restraining orders, and

13   requires that a motion for temporary restraining order include "specific facts in an affidavit or a

14   verified complaint [that] clearly show that immediate, and irreparable injury, loss, or damage will

15   result to the movant before the adverse party can be heard in opposition," as well as written

16   certification from the movant's attorney stating "any efforts made to give notice and the reasons

17   why it should not be required."  Fed. R. Civ. P. 65(b).  The Ninth Circuit also has a second test,

18   holding that a party requesting relief is entitled to a preliminary injunction if it demonstrates: (1) a

19   combination of probable success on the merits and the possibility of irreparable injury or (2) that

20   serious questions are raised and the balance of hardships tips sharply in its favor.  *Zepeda v. U.S.*

21   *Immigr. & Naturalization Serv*, 753 F.2d 719, 727 (9th Cir. 1985); *see also McKinney v. Hill*, 925

22   F.2d at 1470 (9th Cir. 1991) (noting same).

23        Here, as an initial matter because no defendant has been served in this action the Court

24   lacks subject matter jurisdiction over either of the Defendants, and thus preliminary injunctive

25   relief would be premature.  *Zepeda*, 753 F.2d at 727 (if no defendant has been served with

26   process, then injunctive relief is premature).  Turning to the four-factor preliminary injunction

27   analysis, as set forth above, the undersigned finds Plaintiff's FAC fails to state a claim. Thus,

28   Plaintiff has not demonstrated a likelihood of success on the merits.  Nor has Plaintiff

                                                    12

demonstrated that imminent and irreparable harm would result if the Court does not grant the preliminary injunction.  Plaintiff asks the Court to order Fresno Sheriff County Office to modify its policies in ways that might have avoided the harm he alleges occurred in this case.  (*See* Doc. No. 12 at 6).  For example, he requests that Sheriff institute a "policy demanding a police report be written on . . . 911 calls" and "demand proof of serves [sic] be properly filled out by the serving officer as to what documents were served and when he received them."  (*Id.* ¶¶ 1-2). However, Plaintiff does not allege any facts reflecting imminent and irreparable harm if these and the other proposed policy changes are not implemented, nor does he address why the balance of hardships tip in his favor or why granting the preliminary injunction would be in the public interest.  Finally, given that Plaintiff seeks a mandatory injunction ordering action by the Fresno County Sheriff's Office, as opposed to mere preservation of the status quo, the undersigned is particularly reluctant to recommend granting the extraordinary remedy Plaintiff seeks.  For all the above reasons, the undersigned recommends the district court deny Plaintiff's request for a preliminary injunction.

**Conclusion and Recommendations**

Based on the above, the undersigned finds Plaintiff's FAC fails to state any cognizable claim.  The FAC suffers from many of the same pleading deficiencies that the undersigned identified and explained to Plaintiff in screening his original Complaint.  (Doc. No. 8).  Despite being provided with guidance and the appropriate legal standards, Plaintiff was unable to cure the deficiencies identified above.  Thus, the undersigned recommends that the district court dismiss the FAC without further leave to amend.  *McKinney v. Baca*, 250 F. App'x 781 (9th Cir. 2007) (citing *Ferdik v. Bonzelet,* 963 F.2d 1258, 1261 (9th Cir.1992)) (noting discretion to deny leave to amend is particularly broad where court has afforded plaintiff one or more opportunities to amend his complaint).  Additionally, for the reasons set forth above, the undersigned recommends Plaintiff's motion for a preliminary injunction (Doc. No. 12) be denied.

Accordingly, it is **RECOMMENDED**:

1.  The First Amended Complaint (Doc. No. 10) be dismissed under 28 U.S.C.

§ 1915(e)(2)(B) for failure to state a claim and Plaintiff be denied further leave to

1       amend.

2          2.  Plaintiff's motion for preliminary injunction (Doc. No. 12) be denied.

3                            **<u>NOTICE TO PARTIES</u>**

4          These findings and recommendations will be submitted to the United States district judge

5       assigned to the case pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

6       days after being served with these findings and recommendations, a party may file written

7       objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

8       Findings and Recommendations."  Parties are advised that failure to file objections within the

9       specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834,

10      838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

11

12      Dated:    <u>December 19, 2023</u>

13                                         HELENA M. BARCH-KUCHTA

14                                        UNITED STATES MAGISTRATE JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28