**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP SANDERS, | No. 1:22-cv-0577 JLT HBK (PC) |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | (Doc. 20) |
| ROBERT HICKS and J. LARA, | |
| Defendants. | |

Philip Sanders moves pursuant to Federal Rule of Civil Procedure 59(e) for reconsideration (Doc. 20) of the Court's dismissal of his complaint without leave to amend (Docs. 18, 19).[1] Sanders' motion offers no valid basis for reconsideration. As the Court's dismissal order explained:

> Notably, Plaintiff does not dispute the magistrate judge's finding that he failed to state a cognizable claim in his FAC. (*See generally* Doc. 15 at 1-4.) Plaintiff also does not dispute the recommendation that a preliminary injunction be denied. (*See id.*) Rather, Plaintiff's objections are focused on the recommendation that he not be given leave to amend. (*Id* at 2.) Plaintiff contends that because he cured some deficiencies identified by the Court with his FAC—including removing his brother as a defendant and alleging facts to support equitable tolling—he should again be granted leave to amend under Rule 15 of the Federal Rules of Civil Procedure. (*Id.* at 2-4.)

---

[1] Though Sanders filed a notice of appeal on March 8, 2024 (Doc. 21), the Court retains jurisdiction over the motion for reconsideration because it was filed on February 22, 2024, before the notice of appeal. *United Nat'l Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1109 (9th Cir. 2001); Fed. R. App. P. 4(a)(4)(B)(i); *see also Van Huisen v. Clinton Admin.*, No. 2:23-CV-01596-DJC-KJN, 2023 WL 6520212, at *1 (E.D. Cal. Oct. 5, 2023).

1

> Toward this end, Plaintiff concurrently filed a "Request [for] leave to file a second amended complaint attached and logged," and lodged the proposed pleading. (Docs. 16, 17.)
>
> In the Request to Amend, Plaintiff asserts he would cure the deficiencies identified by the magistrate judge by removing reference to the Fourteenth Amendment in his search and seizure claim, omitting a claim asserted under an inapplicable provision of the Immigration and Nationality Act, and withdrawing his motion for preliminary injunction. (*See* Doc. 16 at 7.) However, Plaintiff does not explain how these changes would make the claims in his complaint cognizable. A review of the proposed Second Amended Complaint shows Plaintiff repeats the same deficient claims as his FAC. Consequently, the proposed pleading would also be subject to dismissal and leave to amend should not be granted. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991) ("A district court does not err in denying leave to amend where the amendment would be futile … or where the amended complaint would be subject to dismissal" [citations omitted]); *see also Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (explaining leave to amend may "be denied for repeated failure to cure deficiencies by previous amendment").

(Doc. 18 at 1–2.) Plaintiff's motion for reconsideration does not address this reasoning or otherwise indicate how any amended complaint would cure the substantive defects identified by the Court. Rather, the motion asserts, incorrectly, that Plaintiff was deprived of his right to have this case reviewed by an Article III judge. (*See generally* Doc. 20.) To the contrary, as the Docket demonstrates, all dispositive matters were reviewed *de novo* by a district judge. Accordingly, the motion for reconsideration is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 11, 2024**

_____
UNITED STATES DISTRICT JUDGE

2