**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PHILIP SANDERS, | No. 1:22-cv-0577 JLT HBK |
| Plaintiff, | Appeal No. 24-1413 |
| v. | ORDER REVOKING *IN FORMA PAUPERIS* STATUS ON APPEAL |
| ROBERT HICKS and J. LARA, | |
| Defendants. | (Doc. 25) |

Philip Sanders proceeded pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. The Court dismissed the action for failure to state a cognizable claim and entered judgment. (Docs. 14, 18.) On March 8, 2024, Plaintiff filed Notice of Appeal, which was processed to the United States Court of Appeals for the Ninth Circuit as Case No. 24-1413. (Docs. 21, 22).

The Ninth Circuit referred this matter to the Court for the limited purpose of determining whether *in forma pauperis* status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. *See* 28 U.S.C. § 1915(a)(3); *see also Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002) (revocation of in forma pauperis status is appropriate where the District Court finds the appeal to be frivolous). An appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

Permitting litigants to proceed *in forma pauperis* is a privilege, not a right. *Franklin v. Murphy*, 745 F.2d 1221, 1231 (9th Cir. 1984); *Williams v. Field*, 394 F.2d 329, 332 (9th Cir., cert. denied, 393 U.S. 891 (1968)); *Williams v. Marshall*, 795 F. Supp. 978, 978-79 (N.D. Cal. 1992). Good faith on appeal is demonstrated by an objective standard of a nonfrivolous issue. *Coppedge v. U.S*. 369 U.S. 438, 445 (1962). An issue is "frivolous" where it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A "good faith" appeal must seek review of at least one "non-frivolous" issue or claim. *Hooker*, 302 F.3d at 1092.

Plaintiff's Notice of Appeal does not identify the issues Plaintiff intends to present on appeal, as required under Fed. R. App P. 24(a)(1)(C). (*See* Doc. 21.) The Notice of Appeal merely quotes from Rule 3 of the Federal Rules of Appellate Procedure and states "Plaintiff so submit[s] notice of appeal." (Doc. 21 at 1.) Thus, the Court cannot determine whether the issues are nonfrivolous. Though Plaintiff's filing satisfies the minimum requirements of Rule 3, it does not establish that Plaintiff's appeal is non-frivolous under Rule 24. *See, e.g., Austin v. Kemper Corp.*, 2022 WL 2276894, at *1 (N.D. Cal. June 23, 2022) (denying a motion to proceed in forma pauperis on appeal for failure to comply with Rule 24(a)(1)(C), because the plaintiff did not identify the arguments he intended to present on appeal); *Sanders v. Fitness Int'l LLC*, 2024 WL 945132, at *1 (D. Ariz. Feb. 7, 2024) (denying IFP status on referral from the circuit court and upon the plaintiff's motion because "[p]laintiff does not explain which issues he plans to present on appeal"); *see also Jimenez-Valero v. Asher*, 2016 WL 8116156, at *1 (W.D. Wash. Dec. 21, 2016) ("Because [plaintiff] has not explained the basis for his appeal, the Court cannot determine whether his appeal is frivolous), *report and recommendation adopted*, 2017 WL 384386 (W.D. Wash. Jan. 24, 2017).

Moreover, as the Court previously noted, Plaintiff has not disputed the determination that he failed to state a claim, or the determination denying the requested injunctive relief. (*See generally* Doc. 15.) Rather, Plaintiff asserted that he should have been granted further leave to amend. (*Id*. at 4-5.) Plaintiff failed to cite any legal authority contrary to the well-settled principle that leave to amend should be denied where doing so would be futile. *Plumeau v. Sch. Dist. 40 Cnty. Of Yamhill*, 130 F.3d 432, 439 (9th Cir. 1997) (denial of leave to amend appropriate where

further amendment would be futile).  Indeed, the Court considered the lodged second amended complaint and found it repeated the same deficient claims.  (Doc. 23.)  Because Plaintiff failed to cite any reasoned basis for reconsideration and has failed to cite any basis for his appeal, the Court finds that Plaintiff's appeal is frivolous and not taken in good faith. Accordingly, the Court **ORDERS**:

1. The appeal is declared frivolous and not taken in good faith.
2. Pursuant to 28 U.S.C. § 1915(a)(3), Plaintiff is not entitled to proceed *in forma pauperis* in Appeal No. 24-1413, filed March 11, 2024.
3. Pursuant to Federal Rule of Appellate Procedure 24(a)(4), this order serves as notice to the parties and the United States Court of Appeals for the Ninth Circuit of the finding that Plaintiff is not entitled to proceed *in forma pauperis* for this appeal.
4. The Clerk of Court is directed to serve a copy of this order on the parties and the United States Court of Appeals for the Ninth Circuit.
5. The Clerk of Court is also directed to provide a copy of this Court's Order Denying Plaintiff's Motion for Reconsideration (Doc. 23) to Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated: __March 27, 2024__                    UNITED STATES DISTRICT JUDGE